**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DESIGNS FOR HEALTH, INC.,

    Plaintiff,

v.                                                                    Case No. 3:26-cv-221-TJC-LLL

DANIEL ARIYEV and
YELLOWSTONE CHEMISTS, INC.
d/b/a J&D PHARMACY,

    Defendants.

_____

**O R D E R**

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). On February 3, 2026, Plaintiff Designs for Health, Inc. ("DFH") filed this case in federal court based on diversity jurisdiction. (Doc. 1). Under 28 U.S.C. § 1332(a), a district court's proper exercise of diversity jurisdiction requires that parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999).

The Complaint alleges that the parties are citizens of different states— Plaintiff DFH is a citizen of Delaware and Florida, and both Defendants Daniel Ariyev and J&D Pharmacy are citizens of New York. (Doc. 1 ¶¶ 1–4). The

diversity of citizenship requirement is therefore satisfied. Whether the amount in controversy requirement has been satisfied is less clear.

In support of Plaintiff's position regarding the amount in controversy, the Complaint conclusorily alleges that the amount in controversy "exceeds $75,000." (Doc. 1 ¶ 4). The Court is left to infer that this is because, under the contract at issue, Plaintiff is owed liquidated damages in excess of this amount. (Id. ¶¶ 15, 38). However, the Complaint does not detail how many separate breaches were allegedly committed by the Defendants—each of which would result in liquidated damages of $100 under the contract—in order for the Court to determine whether liquidated damages exceed $75,000. (Id.). Similarly, Count III alleges a violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 et seq., but it is unclear from the Complaint the amount of damages and attorneys' fees Plaintiff would be entitled to under this statute.

On this limited record, the Court declines to assume that the amount in controversy is met without more support. The Court requires more information before it can adequately determine that it has jurisdiction over the case. Accordingly, it is hereby

**ORDERED:**

2

No later than **February 25, 2026**, Plaintiff Designs for Health, Inc. shall file a jurisdictional supplement addressing the issues identified in this Order. If Plaintiff chooses not to do so, the case will be dismissed without prejudice.

**DONE AND ORDERED** in Jacksonville, Florida the 4th day of February, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record